**STUART DEAN CO., INC., Plaintiff,**

v.

**METAL POLISHERS, PRODUCTION AND NOVELTY WORKERS UNION, LOCAL 8A–28A et ano., Defendants.**

No. 00Civ.8334(JSR).

United States District Court, S.D. New York.

Nov. 20, 2000.

Harlan Silverstein, Kauff McClain & McGuire, New York City, for plaintiff.

Roger Madon, Roger H. Madon, PC, New York City, for defendant.

### MEMORANDUM

RAKOFF, District Judge.

On November 2, 2000, following briefing and an evidentiary hearing, the Court denied a motion by plaintiff Stuart Dean Co. ("Stuart Dean") for a preliminary injunction against defendant Metal Polishers, Production and Novelty Workers Union, Local 8A–28A, AFL–CIO ("Local 8A–28A") and its president to restrain a work

stoppage at plaintiff's job site at 45 East 49th Street in Manhattan.[1] *See* Order, November 6, 2000. This Memorandum will briefly elaborate the reasons for that determination.

Prior to 1999, Stuart Dean (a company that cleans and maintains metal fixtures on buildings) typically entered into two kinds of collective bargaining agreements with Local 8A–28A, one governing the company's work on buildings that were under construction and the other governing the company's work at all other sites. The former involved a higher wage scale than the latter.

Currently, however, only an agreement of the latter kind exists between Stuart Dean and Local 8A–28A. This agreement, which was introduced as plaintiff's Exhibit A at the evidentiary hearing, has both a standard "no strike" provision, Pl.'s Ex. A, Art. VII, and a mandatory arbitration provision that requires that "all disputes which may arise between the Company and the Union as to the meaning, application, performance or operation of any provisions of this Agreement which the parties are unable to adjust … shall be submitted for [binding] arbitration…." Pl.'s Ex. A, Art. XXXIV(B). However, the agreement expressly excludes from its scope any work performed on a building construction site. Specifically, it states that "work performed by employees otherwise covered by this Agreement involving metal cleaning on the site of construction is not within the scope of this Agreement." Pl.'s Ex. A, Art. I(B).

Prior to 1999, the work falling within this carve-out was covered by the higher-paying agreement governing construction-site work. However, the most recent such agreement between the parties expired in 1999 and, because of continuing disputes between them, was never renewed. Consequently, after 1999, disputes between Stuart Dean and Local 8A–28A relating to work done at construction sites were no longer subject either to no-strike provisions or to mandatory arbitration.

In August of this year, Local 8A–28A organized a work stoppage at a Stuart Dean job site at 105 East 17th Street in Manhattan, contending that it was a construction site and therefore outside the scope of the only extant collective bargaining agreement. When, in response, the company contended that, although construction work was proceeding at 105 East 17th Street, it was not the kind of "site of construction" contemplated by the carve-out from the existing agreement, the matter was referred to arbitration. On September 12, 2000, however, the arbitrator ruled that the site was indeed a "site of construction" and therefore not covered by the existing agreement.

■ Subsequently, Local 8A–28A organized a similar work stoppage at the site that is the subject of the instant motion, 45 East 49th Street, also in Manhattan. Stuart Dean protested, and the matter was then sought to be referred to the same arbitrator who had ruled on the 105 East 17th Street matter, but he declined jurisdiction. Plaintiff then commenced this litigation seeking to enjoin the work stoppage pending arbitration, pursuant to *Boys Markets v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). At the evidentiary hearing held on plaintiff's request for a preliminary injunction, however, plaintiff was unable to establish a single respect in which the site at 45 East 49th Street differed, in ways material to the determination of whether or not it was a "site of construction," from the site at 105 East 17th Street that the arbitrator had already determined was a "site of construction." It is therefore clear that

---

**1.** Plaintiff's initial application was for injunctive relief barring work stoppages at both the 45 East 49th Street site and another site at 105 East 17th Street. After plaintiff's application for a temporary restraining order was denied, *see* transcript of hearing of Oct. 31, 2000, plaintiff expressly abandoned its request for a preliminary injunction with respect to the East 17th Street site. *See* transcript of hearing of Nov. 2, 2000, at 2.

plaintiff is so exceedingly unlikely to prevail on the underlying merits of the instant suit that it is not entitled to preliminary injunctive relief under any variant of the Second Circuit standard. *See Blum v. Schlegel,* 18 F.3d 1005, 1010 (2d Cir.1994).

 There is, moreover, an even more fundamental flaw in plaintiff's request for injunctive relief, to wit, that the Court lacks jurisdiction to issue the requested injunction. As a general matter, Congress has barred federal courts from enjoining such work stoppages, *see* 29 U.S.C. § 104. It is true that a "narrow" exception provides that such labor actions may be enjoined under certain circumstances when required to permit the parties to proceed to contractually required arbitration, *see Boys Markets,* 398 U.S. at 253–54, 90 S.Ct. 1583—but *only* where it is clear that the underlying dispute is indeed subject to arbitration (as in *Boys Markets* itself, where the arbitrability of the underlying dispute was undisputed). In other words, while the federal policy favoring arbitration may require that even questions of arbitrability are to be submitted to the arbitrator if the parties have so agreed, *see First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), that policy is not sufficient to overcome the clear statutory prohibition against enjoining collective labor action in cases where the question of the arbitrator's jurisdiction over the ultimate dispute is reasonably in doubt. *See Buffalo Forge Co. v. United Steelworkers,* 428 U.S. 397, 410, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976); *Allied Sys. Ltd. v. Teamsters Nat'l Auto. Transporters Ind. Negotiating Comm. Local Union 327,* 179 F.3d 982, 988 (6th Cir.1999).

Here, the only extant collective bargaining agreement between the parties expressly excludes work on a "site of construction" from its scope (and hence from

the scope of the mandated arbitration); the arbitrator has already determined that an essentially indistinguishable site is a "site of construction"; and the arbitrator has declined jurisdiction over the instant dispute. In these circumstances, the narrow *Boys Markets* exception to the anti-injunction statute is wholly inapplicable, and the Court is therefore without jurisdiction to grant the injunction. *See Allied Systems,* 179 F.3d at 989; *Standard Food Prods. Corp. v. Brandenburg,* 436 F.2d 964, 966 (2d Cir.1970).[2]

Accordingly, for all the foregoing reasons, the application for a preliminary injunction must be denied.

---

2. This lack of jurisdiction seemingly also extends to the only other relief requested by plaintiff, *i.e.,* permanent injunctive relief. Accordingly, unless plaintiff, through a written submission to be made to the Court within ten business days hereof, can show why its Complaint should not be dismissed, judgment will be entered for defendants.